IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES F. MENEFIELD,

    Plaintiff,

  v.

JAMES E. TILTON,

    Defendant.

                                      /

No. C 08-00751 CRB (PR)

**ORDER OF SERVICE**

     Plaintiff, a Muslim prisoner at Kern Valley State Prison ("KVSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), on behalf of himself and other Muslim prisoners in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Defendant James E. Tilton is the Secretary of CDCR. Plaintiff alleges that prison officials have violated the rights of Muslim prisoners because it refuses to provide them with either halal or Jewish kosher meals. Plaintiff sets forth three claims alleging: (1) denial of the right to the free exercise of religion; (2) denial of equal protection; and (3) violation of RLUIPA. Plaintiff seeks injunctive relief ordering Defendant to provide either halal or kosher meals. Plaintiff has also filed a motion for class certification and to appoint counsel.

///

///

///

# DISCUSSION

A. <u>Legal Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v Atkins</u>, 487 U.S. 42, 48 (1988).

RLUPIA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

B. <u>Adequacy of Legal Claims</u>

In <u>Shakur v. Shcriro</u>, the Ninth Circuit confronted a scenario virtually identical to the facts alleged in this case. 514 F.3d 878. The court held that the plaintiff could state a claim under (1) the Free Exercise Clause; (2) equal protection; and (3) RLUIPA. Based on the analysis provided in <u>Shakur</u>, the Court finds that plaintiff's allegations state cognizable free exercise, equal protection, and RLUIPA claims. Plaintiff's complaint accordingly will be served on the named defendant.

C. <u>Motion for Appointment of Counsel</u>

Plaintiff being in need of counsel to assist him in further proceedings in this matter, and good and just cause appearing,

IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel is GRANTED and that plaintiff shall be referred to the Federal Pro Bono Project in the manner set forth below:

(1) The clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the court file, and (c) a brief memorandum outlining the facts and procedural posture of the action.

(2) Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in this matter until further order of the court.

At this point, however, Plaintiff may proceed only on his own behalf. Pro se prisoner plaintiffs are not adequate class representatives able to represent fairly and protect adequately the interests of other prisoners in a purported class action. See <u>Oxendine v Williams</u>, 509 F.2d 1405, 1407 (4th Cir 1975). Accordingly, Plaintiff's Motion for Class Certification is denied without prejudice to a future application by and through appointed counsel.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of appointment of counsel, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all

3

records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

 Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.       Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 20, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE